Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| ANTONIO A. RIVERA MATOS<br><br>Peticionario<br><br>v.<br><br>COOPERATIVA DE VIVIENDAS ROLLING HILLS Y OTROS<br><br>Recurridos | KLCE202500187 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Civil núm.: CA2022CV00984<br><br>Sobre: Daños y Perjuicios, Incumplimiento de Contrato |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Juez Grana Martínez y el Juez Rodríguez Flores

Rodríguez Flores, juez ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 12 de marzo de 2025.

Comparece el señor Antonio Rivera Matos (en adelante, Sr. Rivera Matos) y solicita que revoquemos una orden emitida el 23 de enero de 2025, y notificada el 24 de enero de 2025, por el Tribunal de Primera Instancia (en adelante, TPI), Sala Superior de Carolina. Mediante ésta, el TPI aceptó la contestación, con sus objeciones, al requerimiento de producción de documentos provista por los codemandados[1] y ordenó a las partes a continuar con el descubrimiento de prueba del caso.

Examinado el recurso y la resolución interlocutoria cuya revisión se solicita, denegamos la expedición del auto de *certiorari.*

**I.**

El 30 de marzo de 2022, el Sr. Rivera Matos presentó una demanda sobre daños y perjuicios por presuntos actos u omisiones incurridos por los miembros y ex miembros de la Junta de

---

[1] Cooperativa de Viviendas Rolling Hills, Rolando Calderón Padilla, Andreita Flores León, José A. López Pacheco, Mildred Santiago Rodríguez, José Landau Chiclana, José Aníbal Sierra Llanos y Mayra M. Reyes Almonte.

Directores de la Cooperativa de Viviendas Rolling Hills (en conjunto, Cooperativa).

Como parte del descubrimiento de prueba, el 10 de octubre de 2024, el Sr. Rivera Matos cursó a la Cooperativa un requerimiento de producción de documentos.[2] El documento consta de 47 requerimientos con sub incisos.

Acordada una prórroga, el 5 de diciembre de 2024, la Cooperativa notificó mediante correo electrónico al Sr. Rivera Matos su contestación a requerimiento de producción de documentos.[3] La Cooperativa lo contestó y acompañó varios documentos, pero objetó la mayoría de las preguntas al amparo de la Regla 23.2 (a) (1), (2) y (3) de Procedimiento Civil, 32 LPRA Ap. V, R. 23.2 (a) (1), (2) y (3), ya que los documentos cuya producción se solicitó están en posesión del Sr. Rivera Matos y, en efecto, éste los había proporcionado como parte de su prueba en contestación a la citación *duces tecum* cursada por la Cooperativa. Otras preguntas las objetó por no ser pertinentes a la controversia, excesivas, materia privilegiada protegida por el privilegio abogado-cliente[4], porque se encuentran en posesión de la compañía aseguradora de la Cooperativa, o se solicita con la intención de molestar o perturbar a dicha parte. Sin embargo, la Cooperativa se comprometió a cumplir con su obligación continua de actualizar, corregir o enmendar la prueba que ha descubierto y de notificarla.

El 18 de diciembre de 2024, el Sr. Rivera Matos replicó a las objeciones de la Cooperativa.[5] Adujo que las contestaciones al requerimiento fueron ambiguas y evasivas, y requirió que el

---

[2] *Requerimiento de producción de documentos,* Apéndice del recurso, págs. 173-178.

[3] *Contestación a requerimiento de producción de documentos, Íd.,* págs. 179-185.

[4] Específicamente se requirió las facturas por los servicios profesionales que el Lcdo. José J. Belén Rivera y la Lcda Lourdes Torres Esteves han prestado a la Cooperativa.

[5] *Objeciones a la contestación primer requerimiento de documentos,* Apéndice del recurso, págs. 138-170.

documento fuera contestado de manera adecuada en un plazo de dos (2) días. Ante la falta de respuesta, el 26 de diciembre de 2024, el Sr. Rivera Matos presentó ante el TPI una *Moción en solicitud de orden* para que la Cooperativa contestara el requerimiento y proveyera la información requerida.[6]

Poco después, el 20 de enero de 2025, el Sr. Rivera Matos incoó una *Urgente moción solicitud de orden* en la que adujo que la falta de documentación requerida le impedía llevar a cabo las deposiciones calendarizadas.[7]

El 23 de enero de 2025, la Cooperativa presentó su *Oposición a Solicitud de orden y a Urgente moción en solicitud de orden*.[8] Desglosó los requerimientos objetados y el fundamento jurídico para cada uno. Reiteró que la mayoría de las objeciones se amparan en la Regla 23.2 (a) (1), (2) y (3) de Procedimiento Civil, *supra*, y se basan en el hecho de que los documentos cuya producción se solicitó están en posesión del Sr. Rivera Matos, que otras preguntas no eran pertinentes a la controversia, excesivas, materia privilegiada o se encontraban en posesión de la compañía aseguradora de la Cooperativa. Al final, la Cooperativa solicitó al TPI que aceptara la contestación al requerimiento de producción de documentos provista.

El 24 de enero de 2025, el TPI notificó la orden que se transcribe a continuación:

> Luego de evaluar la *Urgente Moción en solicitud de orden* y la *Moción en cumplimiento de orden* presentada por la Cooperativa de Viviendas Rolling Hills el tribunal dispone:
>
> Se declara Con Lugar la moción presentada por la parte demandada por los fundamentos expresados. Se ordena la continuación sin más dilación de las deposiciones de los codemandados Rolando Calderón Padilla y José Sierra Llanos en las fechas pautadas.[9]

---

[6] *Íd.,* págs. 135-136.
[7] *Íd.,* págs. 188-189.
[8] *Íd.,* págs. 194-214.
[9] *Íd.,* págs. 215-216.

En igual fecha, 24 de enero de 2025, el Sr. Rivera Matos presentó *Moción solicitando reconsideración y solicitud de vista argumentativa.* La Cooperativa se opuso a dicha moción.

El 31 de enero de 2025, el TPI emitió y notificó la orden mediante la cual declaró *no ha lugar* la solicitud de reconsideración del Sr. Rivera Matos y dispuso: "[c]úmplase con lo ordenado por el tribunal".[10]

Inconforme, el 25 de febrero de 2025, Sr. Rivera Matos instó el presente recurso de *certiorari*[11] y apuntó que:

> Erró el Tribunal de Primera Instancia al privar a la "parte peticionaria" a descubrir prueba para sustentar sus alegaciones de la demanda al denegar la moción en solicitud de orden para descubrir prueba contrario a lo resuelto en el caso *Scotiabank de Puerto Rico v. ZAF Corporation,* 202 DPR 478, 487 (2019).

**II.**

**A.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[12]

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V.[13] Ésta dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

---

[10] *Íd.,* pág. 249.

[11] Se autoriza la presentación del recurso con un número de páginas en exceso de las 25 páginas reglamentarias al amparo de la Regla 70 (D) del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, R. 70(D).

[12] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020).

[13] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.,* 202 DPR 478, 486 (2019).

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra,* al denegar la expedición de un recurso de *certiorari,* el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra,* para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, se justifica nuestra intervención. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra,* enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari,* mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción.[14]

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[15]  Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

**B.**

La Regla 23 de Procedimiento Civil, 32 LPRA Ap. V, R. 23, dispone lo relacionado al descubrimiento de prueba.  "El descubrimiento de prueba persigue [...]: (1) minimizar las controversias litigiosas; (2) obtener la evidencia que va a ser utilizada durante el juicio, evitando así posibles sorpresas; (3) facilitar la búsqueda de la verdad, y (4) perpetuar evidencia".[16]

Nuestras Reglas de Procedimiento Civil, "proveen una serie de mecanismos que las partes pueden utilizar para descubrir, obtener o perpetuar la prueba necesaria para sustanciar sus alegaciones en el acto del juicio".[17]  Uno de estos mecanismos es el descubrimiento de documentos, regulado en la Regla 31 de Procedimiento Civil, 32 LPRA Ap. V, R. 31.  Esta regla permite que, mediante solicitud, se produzcan o se permita la inspección o copia, de "determinados

---

[14] *Torres González v. Zaragosa Meléndez,* 211 DPR 821, 849 (2023).
[15] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).
[16] *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 203 2023); *Berríos Falcón v. Torres Merced*, 175 DPR 962, 971 (2009); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 152 (2000).
[17] *Scotiabank v. ZAF Corp. et al.,* 202 DPR 478, 490 (2019) (Énfasis suprimido), *citando a Rivera y Otros v. Bco. Popular*, supra, págs. 151-152.

documentos, papeles, información almacenada electrónicamente ...,
libros, cuentas, cartas, fotografías, objetos o cosas tangibles, de
naturaleza no privilegiada, que constituyan o contengan evidencia
relacionada con cualquiera de las materias que estén dentro del
alcance del examen permitido por la Regla 23.1". 32 LPRA Ap. V.,
R.31.1. Luego de notificado el requerimiento de documentos, la
parte quien reciba la solicitud tiene el deber de "responder a la parte
que la formula dentro del término de quince (15) días. En la
respuesta se expresará, con respecto a cada objeto especificado en
la solicitud, que se permitirá la inspección a menos que ésta se
objete, en cuyo caso se deberán exponer las razones para la
objeción". 32 LPRA Ap. V., R.31.2.

Es norma reiterada que el descubrimiento de prueba debe ser
amplio y liberal.[18] En virtud de ello, la Regla 23.1 (a) de
Procedimiento Civil, 32 LPRA Ap. V, R. 23.1 (a), establece lo
siguiente:

> El alcance del descubrimiento de prueba, a menos que
> sea limitado de algún modo por el tribunal, en
> conformidad con las disposiciones de estas reglas, será
> como sigue:
>
> (a) *En general.* Las partes podrán hacer descubrimiento
> sobre **cualquier materia, no privilegiada, que sea
> pertinente al asunto en controversia en el pleito
> pendiente**, ya se refiera a la reclamación o defensa de
> cualquier otra parte, (…). No constituirá objeción el que
> la información solicitada sea inadmisible en el juicio,
> siempre que exista una probabilidad razonable de que
> dicha información conduzca al descubrimiento de
> evidencia admisible. (Énfasis nuestro).

Es decir, el descubrimiento de prueba está limitado a dos
aspectos: (1) que el asunto que se pretende descubrir sea pertinente
a la controversia que se dirime, y (2) que no sea materia privilegiada.

El concepto de pertinencia se debe interpretar en términos
amplios.[19] Por lo tanto, para que una materia pueda ser objeto de

---

[18] *Rivera et al. v. Arcos Dorados et al.,* supra; *Scotiabank v. ZAF Corp. et al.,* supra.
[19] *ELA v. Casta,* 162 DPR 1, 12 (2004).

descubrimiento de prueba, basta con que exista una posibilidad razonable de relación con el asunto en controversia.[20]  No obstante, "[e]l concepto de pertinencia tiene que interpretarse de manera cónsona con el principio rector de las reglas procesales: lograr la solución de las controversias de forma justa, rápida y económica".[21]

Por su parte, la materia privilegiada es "aquella que se encuentra dentro del alcance de alguno de los privilegios reconocidos en las Reglas de Evidencia".[22]  La materia privilegiada, aunque fuera pertinente, queda excluida del alcance del descubrimiento de prueba.[23]

Los tribunales tienen amplia discreción para regular el ámbito del descubrimiento de prueba, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes.[24]  La Regla 23.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 23.2, permite limitar el descubrimiento de prueba y autoriza al foro primario a emitir órdenes dirigidas a proteger a las partes u otras personas de hostigamiento, perturbación, opresión y gastos o molestias indebidas en el desarrollo del descubrimiento de prueba.[25]  Específicamente, la Regla 23.2, *supra*, dispone, en lo pertinente, que:

> (a) El tribunal, a iniciativa propia o a solicitud de parte, podrá limitar el alcance de los métodos de descubrimiento de prueba si determina lo siguiente:
>
> (1) Que la prueba que se pretende descubrir es un duplicado de otra prueba o es irrazonablemente acumulativa;
>
> (2) que la prueba puede obtenerse mediante otra forma más conveniente, menos onerosa y costosa para la parte a quien se le solicita;
>
> (3) que la parte que solicita la prueba haya tenido oportunidad de obtenerla, o

---

[20] *Íd.*, pág. 13.

[21] *General Electric v. Concessionaires, Inc.*, 118 DPR 32, 40 (1986).

[22] *Ponce Adv. Med. v. Santiago González et al.*, 197 DPR 891, 899 (2017).

[23] *Íd.*

[24] *Rivera et al. v. Arcos Dorados et al.,* supra, págs. 203-204; *Rivera y otros v. Bco. Popular*, 152 DPR 140, 154 (2000).

[25] *Ortíz Rivera v. ELA*, 125 DPR 65, 70–71 (1989).

(4) que los costos para obtener la prueba exceden el beneficio que ésta puede aportar al caso.

(b) A solicitud de una parte o de la persona en relación con la cual se utiliza el descubrimiento, presentada mediante moción acompañada, de una certificación indicativa de que esta ha intentado de buena fe resolver la controversia sobre el descubrimiento conforme lo dispuesto en la Regla 34.1 de este apéndice, y por justa causa, el tribunal podrá emitir cualquier orden que requiera en justicia para proteger a dicha parte o persona de hostigamiento, perturbación u opresión, así como cualquier molestia o gasto indebido. La orden del tribunal podrá incluir una o más de las medidas siguientes:
[...]

## C.

El Tribunal Supremo ha establecido que los foros revisores no interfieren con las facultades discrecionales de los foros primarios, exceptuando aquellas circunstancias en las que se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[26] Además, se requiere que la intervención en esta etapa evite un perjuicio sustancial.[27]

La discreción judicial se define como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión Justiciera".[28] El ejercicio de este discernimiento se encuentra estrechamente relacionado con el concepto de razonabilidad.[29] Así pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho.[30]

---

[26] *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022); *Rivera y otros v. Bco. Popular*, supra, pág. 155.
[27] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[28] *Rivera et al. v. Arcos Dorados et al.,* supra, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 657–658 (1997).
[29] *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 272 (2021); *Rivera y otros v. Bco. Popular*, supra.
[30] *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013); *Bco. Popular de P.R. v. Mun. de Aguadilla*, supra, pág. 658.

El Tribunal Supremo ha expresado que un tribunal abusa de su discreción:

> [...] cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente.[31]

### III.

El Sr. Rivera Matos aduce que el TPI abusó de su discreción al denegar su solicitud de orden de producción de documentos para compeler a la Cooperativa a descubrir. Arguye que la negativa del tribunal lo coloca en un estado de indefensión y, a su vez, constituye un fracaso irremediable de la justicia.

Tras analizar los argumentos del Sr. Rivera Matos a la luz de la normativa jurídica citada, advertimos que la controversia planteada gira en torno al manejo del descubrimiento de la prueba, asunto que no está contemplado en la Regla 52.1 de Procedimiento Civil, *supra,* o sus excepciones, para que proceda nuestra intervención en esta etapa de los procedimientos. Además, el Sr. Rivera Matos no demostró que denegar el *certiorari* constituiría un fracaso irremediable de la justicia.

Una lectura del requerimiento de producción de documentos muestra que la documentación solicitada consiste de aquellos relacionados con querellas presentadas en contra del Sr. Rivera Matos ante la Junta de Directores de la Cooperativa que, en cumplimiento con las disposiciones de la Ley Núm. 239-2024, la Cooperativa viene obligada a notificar y, de hecho afirma que entregó al Sr. Rivera Matos. También el requerimiento exige la producción

---

[31] *SLG Zapata Rivera v. J.F. Montalvo,* supra, citando a *Pueblo v. Rivera Santiago,* 176 DPR 559, 580 (2009).

de documentos que fueron sometidos al tribunal en otros procesos judiciales habidos entre las partes y, como tal, fueron notificados al Sr. Rivera Matos. En otras instancias, el Sr Rivera Matos requiere la producción de facturas y pagos de éste para con la Cooperativa que igualmente están en su posesión. En otros incisos del requerimiento, el Sr Rivera Matos solicita que se provea cierta información en lugar de requerir que se produzca determinado documento, o exige copia de facturas por los servicios profesionales que el Lcdo. José J. Belén Rivera y la Lcda Lourdes Torres Esteves han prestado a la Cooperativa, y documentos de fianza que requiere la Ley General de Sociedades y Cooperativas de Puerto Rico.

En su contestación al requerimiento, la Cooperativa objetó la producción de dichos documentos porque estos se encuentran en posesión del Sr. Rivera Matos, no eran pertinentes a la controversia, pero sí excesivos, materia privilegiada o se encontraban en posesión de la compañía aseguradora de la Cooperativa. No obstante, en su contestación al requerimiento, la Cooperativa se comprometió a cumplir con su obligación continua de actualizar, corregir o enmendar la prueba que ha descubierto y de notificarla.

El TPI justipreció los planteamientos de las partes y aceptó la contestación y las objeciones al requerimiento de producción de documentos de la Cooperativa. La actuación del foro primario es cónsona con la discreción concedida a los foros de primera instancia como parte integral del manejo de los casos y la administración de la justicia. Además, el descubrimiento de prueba aún no ha culminado. En vista de lo anterior, resolvemos que no debemos intervenir en esta etapa de los procedimientos.

**IV.**

En virtud de lo anterior, denegamos la expedición del auto de *certiorari.*

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones